## James Rose *v.* The State

1. INDICTMENT.—An indictment or information must describe the offense charged with such certainty as will enable the accused to plead the judgment in bar of a second prosecution for the same offense.

2. SAME.—An indictment founded on Article 714 of the Penal Code (Pasc. Dig., Art. 2345), which was enacted for the protection of certain dumb

animals, need not allege the ownership of the animal injured; but if the ownership be alleged as descriptive of the animal, it must be proved as laid, and cannot be disregarded as surplusage.

APPEAL from the County Court of Cooke. Tried below before the Hon. W. H. HAYS.

The information in this case described the animal as "a certain bull, being then and there the neat cattle and corporeal personal property of S. W. Culp and S. J. Rue." There was no evidence of the ownership thus alleged, and the accused asked the court below to instruct the jury that in order to convict him they must believe from the evidence the allegation thus made. The instruction was refused, and the accused took his bill of exceptions.

*W. O. Davis*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WINKLER, J. It is not necessary, in an indictment or an information under Article 2345 of the Digest, to allege the ownership of the dumb animal charged to have been killed, wounded, maimed, poisoned, or cruelly and unmercifully beaten. This provision of the statute was enacted for the protection of the several dumb animals mentioned, and not for the protection of the owners of such animals. The rights and interests of such owners are protected by the preceding Article. *Benson* v. *The State*, decided by this court at the Austin term, 1876, *ante* p. 6.

It is necessary, however, in all indictments and informations to describe the offense charged with such certainty as would enable the accused to plead a conviction or an acquittal in bar of another prosecution for the same offense. Pasc. Dig., Art. 2865.

The pleader in this case having chosen to allege as

26

descriptive of the offense charged, and by way of identifying the animal, that the bull alleged to have been wounded was the property of S. W. Culp and S. J. Rue, it became necessary to sustain the allegation by evidence. The allegation of ownership as set out in the information, being descriptive of the offense, could not be disregarded as surplusage, and a failure to prove it as alleged constituted a variance between the *allegata* and the *probata* which was fatal to the verdict. For the distinction between variance and surplusage see *Warrington* v. *The State*, decided by this court at the Austin term, 1876, and authorities there cited, *ante* p. 168.

The charge asked by the defendant, and refused by the court, was applicable to the evidence under the charge in the information, and should have been given as a part of the law of the case.

A bill of exceptions was taken to the ruling of the court refusing the charge, and it is assigned as error. On this account a new trial should have been granted. Because of these errors the judgment of the county court of Cooke county rendered in this case is reversed and the cause remanded.

*Reversed and remanded.*